IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KIMBERLEE HARTKE,

                Plaintiff,

v.

SMITH AND ASSOCIATES,

                Defendant.

OPINION & ORDER

15-cv-102-jdp

---

Plaintiff Kimberlee Hartke is pursuing claims under the Fair Debt Collection Practices Act, the Wisconsin Consumer Act, and the Civil Rights Act. These claims stem from Hartke's unpaid rent in California, and from collection efforts that defendant Smith & Associates undertook at the behest of former defendants Jane and Christopher Ward, the property owners, and Westman Property Management, Inc., the property manager. Hartke's case got off to a rough start after the court dismissed three of the defendants that she named in her complaint for lack of personal jurisdiction. Hartke has now moved to transfer this case to the Southern District of California, presumably so that she can bring the dismissed defendants back into the case. Because the interest of justice favors transfer, the court will grant Hartke's motion.

BACKGROUND

The court summarized the facts of the underlying dispute in an earlier order. *See* Dkt. 28. The procedural background of this case is more pertinent to the present motion.

Hartke filed her complaint in February 2015, against Westman Property, the Wards, and Smith & Associates. Westman Property and the Wards moved to dismiss, contending

that the court lacked personal jurisdiction over them and that Hartke's complaint failed to state a claim upon which relief could be granted. Dkt. 8 and Dkt. 24. Westman Property and the Wards also asserted that venue was improper in this district, and they proposed, in the alternative, that the case be transferred to the Southern District of California. Dkt. 9.[1]

After the motion to dismiss came under advisement, Smith & Associates's counsel moved to withdraw, citing his client's lack of cooperation and communication, as well as its failure to perform its financial obligations. Dkt. 18. The court gave Smith & Associates an opportunity to respond to the motion, Dkt. 20, but the firm did not do so. Thus, the court granted counsel leave to withdraw. Dkt. 33.

Meanwhile, the court granted Westman Property and the Wards' motion to dismiss, concluding that it lacked personal jurisdiction over them. Dkt. 28. This conclusion made it unnecessary to address Westman Property and the Wards' contention that Hartke's complaint failed to state a claim upon which relief could be granted and that she had filed the case in the wrong venue. The court declined to reach the merits of those issues, although it commented that "some of those are likely meritorious." *Id.* at 7. The court explained that the case would proceed against Smith & Associates, which had not contested personal jurisdiction. But the court indicated that it would "entertain a motion by plaintiff to transfer this case" to a court with personal jurisdiction over all defendants so that she could resolve all of her claims in one case. *Id.*

---

[1] Westman Property also challenged whether the court had subject matter jurisdiction over this case by arguing that Hartke's complaint so utterly failed to state a claim for relief that it did not "arise under" federal law. But that argument confused the difference between Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The court is satisfied that Hartke's claims arise under federal law.

Two weeks after the court dismissed Hartke's claims against Westman Property and the Wards, she filed a motion to transfer this case to the Southern District of California, pursuant to 28 U.S.C. § 1406(a). Dkt. 29. Smith & Associates did not file an opposition to Hartke's motion, but Westman Property and the Wards did.

ANALYSIS

In opposition to Hartke's motion, Westman Property and the Wards merely renew their arguments that Hartke's complaint fails to state a claim upon which relief can be granted. Dkt. 30 and Dkt. 31. They therefore contend that transfer would not be in the interest of justice because Hartke's case is doomed no matter where she tries it. But these are merits-based arguments. Westman Property and the Wards successfully sought to be dismissed on jurisdictional grounds, and they cannot reenter this case now to ask this court to decide the case on the merits. Westman Property and the Wards must present these arguments to a court with personal jurisdiction over them. Like subject matter jurisdiction, "[p]ersonal jurisdiction, too, is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal citations and quotation marks omitted).

Turning to Hartke's motion, the court concludes that the interest of justice requires transferring this case to the Southern District of California. Hartke moves to transfer this case pursuant to § 1406(a)—as opposed to § 1404(a)—which means that she acknowledges that venue is not proper in the Western District of Wisconsin. The court must therefore either dismiss this case or transfer it to another district. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 577-78 (2013). Smith & Associates does not

3

oppose the motion, and there is no dispute that Hartke could have brought this suit in the Southern District of California. As the court explained in its earlier order, transferring this case will allow Hartke to try all of her claims in one case against every potential defendant. And dismissal of her case could cause Hartke to lose the ability to litigate her claims because of the statute of limitations. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). For these reasons, transfer is appropriate.

The court has one closing clarification. This case now involves *only* Hartke and Smith & Associates. If Hartke wants to bring Westman Property and the Wards back into this case, then she will have to take up that issue with the California court.

ORDER

IT IS ORDERED that:

1. Plaintiff Kimberlee Hartke's motion to transfer venue, Dkt. 29, is GRANTED.

2. This case is transferred to the United States District Court for the Southern District of California.

Entered August 28, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge